**PATRICK MUNDY vs. JOHN G. BRYAN to the use of F. DESLOGE.**

1. If the testimony be such as, well enough to authorize the verdict, the supreme court will not disturb it.

## APPEAL from Washington Circuit Court.

### FRISSELL, for appellant.

It is contended that the note sued upon, was totally without consideration, and for that reason the judgment for the plaintiff below was erroneous, and ought to have been set aside upon motion. Ch. on contracts 25.

There was also a misstatement of a very material fact. That is, as to the improvement being upon government land, both settler and buyer may, at the time, have honestly believed that such was the fact. It is not seen how this could alter the case. The law does not compel a man to give something for nothing. It may be said that he simply quit claimed. That he purchased of Evans will not avail. Evans had the right of possession and of user; but after Bryan bought of Evans, Perry entered it. This vested the right of possession, and the use in Perry, against all the world. Mundy, by his purchase from Bryan, acquired absolutely nothing. From the time Perry made entry, Mundy was a trespasser against Perry.

### JOHNSON, for appellee.

I. This case was submitted to the court without a jury. No instructions were asked on either side, and it does not appear from the judgment, or otherwise, that the court was called upon to decide any particular principle of law, nor did it exclude any evidence offered by the appellant, or admit any objected to by him. Under such circumstances, this court will not interfere with the judgment of the court below, unless the finding is very clearly against the evidence. Little & Nucker vs. Nelson, 8 Mo. R, 709, compared with Hart vs. Leavenworth, 11 Mo. R., 629.

II. It appears from the evidence, that Dr. Bryan sold to defendant a certain improvement on frac. sec. 15, or all the right and title that he derived through Richard Evans. He sells nothing but the improvement. This is expressly mentioned in the contract of sale offered in evidence. It is true, in describing the land, he says, it is government land. This is mere matter of description, and not a covenant that it is so. Ferguson vs. Dent, 8 Mo. R., 667; Dryden vs. Holmes, 9 Mo. R ——. It was a form of expression, to indicate clearly that the land was not his. No sensible man can read the contract, and form two opinions about it. It has been repeatedly held by this court, that an improvement on public land is a sufficient consideration for a note.

III. The defendant in purchasing the improvement, thought he was taking initiatory steps to procure the legal title. He knew that Richard Evans had a claim on the land under the pre-emption law of 1834. He had rented the improvement from Bryan for several years. He knew that John Perry had a claim on it, but he thought his claim was not good, and he was willing to run the risk. The witness, Peter Smyth says, that he had given Mundy information about Perry's claim, and he knew that Mundy knew as much about it as Dr. Bryan. Mundy now tries to get out of the payment of the note by showing Perry's certificate of entry, and that the land in suit between Perry and the O'Hanlins, reported in the XI. Mo. R., was a portion of the land inclosed in the certificate of entry. On the other side, it was shown that Perry's entry had been cancelled, and Mundy's acknowledgment that he had entered.

Whether the cancellation of Perry's entry was right or wrong, or Mundy's entry was valid or invalid, can make no difference. It does not appear, upon his own showing, that Perry ever disturbed him. For aught that appears, he is in possession under his own title. When he bought of Bryan, he knew precisely what he was buying. He was putting himself in a condition to contest Perry's right, and to be the first to claim the land under the pre-

emption law, if Perry's right was decided not to be good. He cannot charge Bryan if the event did not happen according to his hope. Bryan sells the improvement to Mundy; he occupies it 8 years, and even now holds possession; and when he is asked for the $100, he points Bryan to Perry's entry, though admitting that he has entered the land himself. It is certainly a new doctrine, that the seller of an improvement cannot recover if his purchase does not finally get the title. Besides, every man can sell his right title and claim to land, and if no fraud is used, and the purchaser knows the extent of the claim, and has a full knowledge of all the facts, he will be compelled to pay, more especially if he is let into the possession. And there is no pretence of fraud. But, it is said, that when Bryan sold to Mundy, Perry had the certificate of entry for the land in his possession; and as the improvements follow the title, Bryan sold Perry's improvements. To this it is answered, that the same argument is applicable to all the improvements on public land. Strictly, they belong to the U. S. But, in regard to Perry's entry, it was supposed not to be valid. Indeed the evidence shows that it was cancelled. It stands then on the footing of a doubtful title. Under such circumstances, Bryan might well sell the improvement.

BIRCH, J., delivered the opinion of the court.

From the manner in which this suit was tried in the court below, it is deemed unnecessary to state more concerning it than that:

No objections were made by the appellant to any of the testimony offered by the appellee, nor were any instructions, or declarations as to the law of the case asked for by either party.

2. The issue of indebtedness upon the note sued on, in connexion with much additional testimony by both parties, was submited to, and found by the court, sitting as a jury.

3. The nature of the testimony was such that a jury, or a judge sitting as one, might well enough find the verdict that was found, and—

4. The only reasons which were assigned for granting a new trial, were that "the verdict is against evidence and the weight of evidence."

There being, consequently, no point of law passed upon by the court below, and thus, preserved and presented for the action of this court, the judgment of the circuit court must be, of course, affirmed.